## Edward D. Fitts v. Eliza A. Fitts.

Where the husband and wife together united with a religious society which professed to believe the relation of husband and wife to be unlawful, and, after remaining so united several years, the husband separated from them and requested his wife to do so and cohabit with him, which she refused to do or to cohabit with him for more than six months: *Held*, that the case was within the statute, and that a divorce should be decreed.

This is a libel for a divorce, and the facts sufficiently appear in the opinion of the court.

*Minot & Mugridge*, for libellant.

Bellows, J. It appears by the proof that the husband and wife joined the religious society of the Shakers at Canterbury, March 6, 1846, and remained so united with them until 1864, when the husband left them and requested his wife to leave with him, but she declined, saying that she had made up her mind to remain with them; and that he afterwards again requested her to leave, but she again declined as before; the refusal continuing more than six months before the libel was filed.

It appears also that this society profess to believe the marriage relation unlawful, allowing no intercourse between husband and wife as such; and that while the husband and wife so remained with the society they did not cohabit.

This brings the case within the provisions of the Revised Statutes as modified by the law of 1846, unless affected by the fact that the wife joined this society with the assent of the husband. By the Revised Statutes, ch. 148, sec. 3, it is a cause of divorce if the husband or wife "shall have joined any religious sect or society which professes to believe

the relation of husband and wife to be unlawful, and refused to cohabit with each other for the space of three years." By the law of 1846, ch. 740, Pamphlet Laws, this provision is modified by substituting six months for three years; but in both laws the divorce is decreed in favor of the innocent party. By the law of 1824, (Ed. Laws of 1830, p. 158,) if the husband or wife separated from the other and joined, or united with, such society, and so continued for three years, refusing to cohabit with the other, who shall not have *joined* and *continued* united with such society, it shall be a sufficient cause of divorce; and under this law, or rather a similar section providing for the case where the uniting with the society was before the passing of the act, a divorce was decreed in *Dyer* v. *Dyer*, 5 N. H. 271. In that case both husband and wife united with the society before the passing of the act, and afterwards the wife left them and desired her husband to cohabit with her, and he refused to do so, and as she did not continue united with the society, it was held that the case was within the provisions of the act.

By the law of 1824, which was in force at the passage of the Revised Statutes, it is made essential, in express terms, that the party applying for divorce should not have joined and *continued* united with such society, implying, of course, that, if the libellant had ceased to be a member, the fact of having once joined such society with the libellee, would not prevent a decree of divorce; and so is *Dyer* v. *Dyer* before cited.

In the Revised Statutes, this provision in respect to joining and *continuing* a member is omitted; and probably because it was deemed to be unnecessary, inasmuch as there could be no refusal to cohabit, within the meaning of the law, so long as both husband and wife continued to be members. We perceive nothing, however, indicating a purpose to change the law by this revision. If there had been any purpose to change it so far as to deny a divorce, where the husband and wife had together become members of such society, it would doubtless have been so expressed; especially in view of the decision in *Dyer* v. *Dyer*.

It is the policy of the law to encourage the marital relation, not only because it tends to promote the welfare of the parties, but because it also promotes the public good. If, therefore, one of the parties to that relation becomes permanently united to a religious sect which holds that relation to be unlawful, the other party not entertaining that view,—it would be in accordance with that policy to decree a divorce between them, notwithstanding the applicant may at one period have regarded the relation as unlawful,—and may have also united with such religious sect. The fact that both had once assented to become members of such society, makes it none the less the policy of the law that they should resume their marital relations; and if one ceases to be a member, and desires to have those relations restored, we see no reason why a refusal to return to them should not have the same effect as if the applicant had never joined such society.

With these views we think there should be a

*Divorce decreed.*